UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARRIE NAVARRE-MYERS** | **:** | **CIVIL ACTION NO. 2:23-CV-00322** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **WILLIAM RYAN NAVARRE, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is defendants' Unopposed Motion to Seal Previously Filed Document Defendants' Unopposed Notice of Removal and Maintain Records Under Seal filed by defendants William Ryan Navarre, Navarre of Southwest Louisiana, Inc., Billy Chevrolet, Inc., Navarre GMC LLC, Billy Navarre Imports, Inc., Billy Navarre Beglis Parkway Carwash, LLC, Billy Navarre I-210 Carwash LLC, Lake Charles Auto Plaza, Inc., Navarre Chevrolet, Inc., Navarre Nissan, LLC, Billy Navarre Cadillac, L.L.C., Navarre Management, L.L.C., and Billy Navarre Certified Used Car Imports, L.L.C. Doc. 5. The motion is unopposed. Doc. 5, p. 5. For reasons set forth below, the court finds that the motion should be **DENIED**.

### I.
#### BACKGROUND

Plaintiff Carrie Navarre-Myers originally filed suit against the defendants in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 1, p. 3. Defendants removed the matter to this court pursuant to 28 U.S.C. §§ 1441, 1446, and 1332. Doc. 1. Defendants now ask this court to issue an order sealing the Notice of Removal [doc. 1] and its attachments. Doc. 5, p.

1. Defendants also ask that we order all subsequent pleadings and the attachments thereto be filed under seal and that the record in this case be kept and maintained under seal. *Id.*

## II.
### LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 5.2(d), a "court may order that a filing be made under seal without redaction." When considering a motion to seal, the court must consider the public's "'common law right to inspect and copy judicial records.'" *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). "This right 'promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity of the system.'" *Id.* (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017)) (brackets in original). This common-law right is not absolute, however, and the "common law merely establishes a presumption of public access to judicial records." *Id.* at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* at 225 (quoting *Van Waeyenberghe*, 990 F.2d at 848).

Defendants' stated interests in sealing the Notice of Removal, its attachments, and all future filings are: (1) plaintiff's minor children's interests in the Navarre Immovable Property Trust are at issue; (2) the Articles of Partnership of Navarre Investors require partners to treat the partnership's affairs as confidential; and (3) the subject matter of the petition "bears upon commercially sensitive information of the parties and their businesses." Doc. 5, ¶¶ 2–5. Defendants do not cite the portions of the petition that allegedly implicate these interests. Moreover, defendants provide us with no specific facts or allegations to support these naked

assertions. Thus, defendants ask us to find that their vaguely stated, unsupported alleged interests outweigh the public's common law right of access to judicial records.

We decline to do so. Without more information about what provisions of the petition implicate defendants' interests and how those interests are infringed by disclosure, we find that the public's common law right of access prevails. Furthermore, we see no reason to order all subsequent pleadings and the attachments thereto be filed under seal and that the record in this case be kept and maintained under seal. If defendants wish to file specific pleadings and attachments under seal, they may file a motion as to those specific pleadings and attachments but, in their motion, they must set forth specific reasons why the pleading or attachment should be sealed from public view.

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Unopposed Motion to Seal Previously Filed Document Defendants' Unopposed Notice of Removal and Maintain Records Under Seal [doc. 5] be and is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers this 29th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE