United States District Court
Western District of Louisiana

| | | |
|---|---|---|
| Carrie Navarre-Myers | § | CASE NO. 2:23-CV-00322 |
| | § | |
| v. | § | JUDGE JAMES D. CAIN, JR. |
| | § | |
| William Ryan Navarre, et al. | § | MAGISTRATE JUDGE KAY |

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

NOW INTO COURT, through undersigned counsel, comes Defendants William Ryan Navarre, Navarre of Southwest Louisiana, Inc., Billy Chevrolet, Inc., Navarre GMC LLC, Billy Navarre Imports, Inc., Billy Navarre Beglis Pkwy Carwash, LLC, Billy Navarre 1-210 Carwash LLC, Lake Charles Auto Plaza, Inc., Navarre Chevrolet, Inc., Navarre Nissan, LLC, Billy Navarre Cadillac, L.L.C., Navarre Management, L.L.C., and Billy Navarre Certified Used Car Imports, L.L.C. (collectively, "**Defendants**") who, on information and belief, file their Answer, Affirmative Defenses, and Counterclaim to the Petition ("**Petition**") of Plaintiff Carrie Navarre-Myers ("**Plaintiff**"), and would respectfully show as follows:

**ANSWER TO THE PETITION**

Subject to and without waiver of Defendants' affirmative and other defenses, Defendants answer the individual allegations of the Petition as follows:

**OVERVIEW**

Defendants admit that Plaintiff is a co-trustee of the Navarre Immovable Property Trust, a Louisiana Trust created by Plaintiff's late husband William J. Navarre. Defendants admit that the Succession of William J. Navarre is currently pending before the Fourteenth Judicial District Court of Calcasieu Parish, Louisiana. Defendants admit that the current income beneficiaries of the

Navarre Immovable Property Trust are William Ryan Navarre, William Bryce Navarre, and Kaitlyn Paige Navarre. Defendants admit that the Trust has a 97% interest in Navarre Investors, A Limited Partnership ("**Navarre Investors**"). Defendants admit that Navarre Investors is a partnership in commendam, and that Navarre of Southwest Louisiana, Inc. is the general partner of Navarre Investors. Defendants admit that Ryan Navarre is a limited partner of Navarre Investors. Defendants admit that Ryan is the sole shareholder of Navarre of Southwest Louisiana, Inc. Defendants admit that Navarre Investors owns immovable property in Calcasieu Parish, Louisiana. Defendants admit that the immovable property owned by Navarre Investors is leased to various car dealerships and other automotive-related businesses that are owned by Ryan Navarre. To the extent not expressly admitted, Defendants deny the allegations contained in the overview paragraph.

## THE PARTIES

1.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Petition, and therefore deny those allegations.

2.   The allegations of Paragraph 2 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 2.

3.   The allegations of Paragraph 3 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 3.

4.   Defendants admit that the General Partner of the Partnership has its registered office in Calcasieu Parish, Louisiana. Defendants further admit that William Ryan Navarre ("**Ryan**") is an individual of the full age of majority and is domiciled in Calcasieu Parish,

Louisiana. The remaining allegations in Paragraph 4 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 4.

5. Defendants admit that the Partnership has its principal business establishment in Calcasieu Parish, Louisiana. Defendants further admit that Billy Chevrolet, Inc. ("**Billy Chevrolet**") is a Louisiana corporation whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Navarre GMC LLC ("**Navarre GMC**") is a Louisiana limited liability company whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Billy Navarre Imports, Inc. ("**Navarre Imports**") is a Louisiana corporation whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Billy Navarre Beglis Pkwy Carwash, LLC ("**Beglis Carwash**") is a Louisiana limited liability company whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Billy Navarre 1-210 Carwash LLC ("**210 Carwash**") is a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Lake Charles Auto Plaza, Inc. ("**Auto Plaza**") is a Louisiana corporation whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Navarre Chevrolet, Inc. ("**Navarre Chevrolet**") is a Louisiana corporation whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Navarre Nissan, LLC ("**Navarre Nissan**") is a Louisiana limited liability company whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Billy Navarre Cadillac, L.L.C. ("**Navarre Cadillac**") is a Louisiana limited liability company whose registered office is located in Calcasieu Parish, Louisiana. Defendants further admit that Navarre Management, L.L.C. ("**Navarre Management**") is a Louisiana limited liability company whose registered office is

located in Calcasieu Parish, Louisiana. Defendants further admit that Billy Navarre Certified Used Car Imports, L.L.C. ("**Used Car Imports**") is a Louisiana limited liability company whose registered office is in Calcasieu Parish, Louisiana. The remaining allegations in Paragraph 5 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 5.[1]

## THE CLAIMS

6.  Defendants admit that the Businesses (as defined in the Petition) entered into lease agreements (the "**Leases**"), as lessees with the Partnership as lessor. Defendants deny the remaining allegations contained in Paragraph 6 of the Petition.

7.  Defendants state that the Leases referenced in Paragraph 7 speak for themselves. Defendants deny any allegations inconsistent with or contrary to the documents at issue. Defendants further deny the allegations contained in Paragraph 7 of the Petition as mischaracterizations of Defendants' obligations pursuant to the Leases. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 7 of the Petition. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 7 of the Petition.

8.  Defendants state that the Leases referenced in Paragraph 8 speak for themselves. Defendants deny any allegations inconsistent with or contrary to the documents at issue. Defendants further deny the allegations contained in Paragraph 8 of the Petition as mischaracterizations of the fair market rental value related to the Leases. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 8 of the Petition. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 8 of the Petition.

9.  Defendants admit that on or about October 6, 2016, the Succession, as borrower,

---

[1] As articulated in Defendants' response to Plaintiff's Motion to Remand, Plaintiff did not adequately assert a derivative action against the Partnership.

4

executed a promissory note in the original principal amount of $12,776,171.79, payable to the order of MidSouth Bank. Defendants further admit that on or about August 2, 2019, the MidSouth Bank Loan was refinanced as evidenced by a promissory note in the original principal amount of $11,789,572.18, payable to the order of First Federal Bank of Louisiana. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 9 of the Petition. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 and therefore deny those allegations.

10. Defendants admit that on April 27, 2017, unimproved immovable property was purchased in Calcasieu Parish, Louisiana from The Lacassane Company, Inc. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 10 of the Petition. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Petition and therefore deny those allegations.

11. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 11 of the Petition. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Petition, and therefore deny those allegations.

12. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 12 of the Petition. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Petition, and therefore deny those allegations.

13. The allegations of Paragraph 13 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 13.

14. The allegations of Paragraph 14 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 14.

15. Defendants specifically deny that Plaintiff is entitled to the relief requested in Paragraph 15 of the Petition. The remaining allegations of Paragraph 15 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 15.

16. The allegations of Paragraph 16 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 16.

17. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 17 of the Petition. The remaining allegations of Paragraph 17 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 17.

18. Defendants state that the Trust Instrument referenced in Paragraph 18 speaks for itself. Defendants deny any allegations inconsistent with or contrary to the document at issue. To the extent not expressly admitted, Defendants deny the allegations in Paragraph 18 of the Petition.

19. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 19 of the Petition. The remaining allegations of Paragraph 19 of the Petition are legal conclusions and therefore no response is required; however, should this Court require answer, Defendants deny the allegations of Paragraph 19.

**PRAYER FOR RELIEF**

This paragraph does not contain any averments to which a response is required pursuant to

FED. R. CIV. P. 8(b). Nevertheless, Defendants specifically deny that Plaintiff is entitled to any relief, including Plaintiff's request for attorneys' fees.

## GENERAL DENIAL

Except as expressly admitted in this Answer, Defendants deny each and every allegation in the Petition.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Petition fails to state a claim or cause of action against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring a claim against Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants are not real parties in interest.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as a result of Plaintiff's own actions or inactions, failure to act, negligence and/or legal fault.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith at all times.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to comply with conditions precedent to be entitled to relief.

### NINTH AFFIRMATIVE DEFENSE

Defendants assert all of the rights and remedies granted under all applicable contracts and/or other applicable law. Defendants do not waive any of these rights and remedies.

### TENTH AFFIRMATIVE DEFENSE

Defendants assert any other affirmative defense to which they may be entitled and reserve the right to supplement this Answer and assert any other defenses that become apparent throughout this litigation.

AND NOW, further answering, Defendants assert the following:

### DEFENDANTS' COUNTERCLAIM

**NOW INTO COURT**, through undersigned counsel, come Defendants/Counter Plaintiffs, William Ryan Navarre, Navarre of Southwest Louisiana, Inc., Billy Chevrolet, Inc., Navarre GMC LLC, Billy Navarre Imports, Inc., Billy Navarre Beglis Pkwy Carwash, LLC, Billy Navarre 1-210 Carwash LLC, Lake Charles Auto Plaza, Inc., Navarre Chevrolet, Inc., Navarre Nissan, LLC, Billy Navarre Cadillac, L.L.C., Navarre Management, L.L.C., and Billy Navarre Certified Used Car Imports, L.L.C. (collectively "**Counter-Plaintiffs**"), who respectfully represent the following:

### I.   JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332.[2] Counter-Plaintiffs herein assert a compulsory counterclaim pursuant to FRCP Rule 13(a). Counter-Plaintiffs' claim arises out of the transaction or occurrence that is the subject matter of Counter-Defendant/Plaintiff's original claim, and the counterclaim does not require the addition of another party over whom the court cannot acquire jurisdiction.

Venue is proper pursuant to 28 U.S.C. § 1441(a), because the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana, where the State Court Action was pending prior to its removal to this Court, is located within this district.

### II.   THE PARTIES

1. Plaintiff/Counter-Defendant Carrie Navarre Myers ("**Plaintiff**") is an individual domiciled in the state of Texas and is therefore a citizen of the state of Texas for the purposes of diversity jurisdiction.

---

[2] On or about, February 28, 2023, Plaintiff filed the underlying state-court action, styled *Carrie Navarre-Myers vs. William Ryan Navarre, et al.*, by filing Plaintiff's Petition in the Fourteenth Judicial District Court for the Parish of Calcasieu, State of Louisiana, Cause No. 2023-761-D. On March 9, 2023, Defendants removed the underlying action to this Court pursuant to 28 U.S.C. §1332.

2. Defendant/Counter-Plaintiff William Ryan Navarre is an individual domiciled in the state of Louisiana and is therefore a citizen of the state of Louisiana for the purposes of diversity jurisdiction.

3. Defendant/Counter-Plaintiff Navarre of Southwest Louisiana Inc. is a Louisiana corporation with its registered office and principal place of business located in Calcasieu Parish, Louisiana. Accordingly, Navarre of Southwest Louisiana, Inc. is a citizen of Louisiana for the purposes of diversity jurisdiction.

4. Defendant/Counter-Plaintiff Billy Chevrolet, Inc. is a Louisiana corporation with its registered office and principal place of business in Calcasieu Parish, Louisiana. Accordingly, Billy Chevrolet, Inc. is a citizen of Louisiana for the purposes of diversity jurisdiction.

5. Defendant/Counter-Plaintiff Navarre GMC LLC is a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana and whose sole member, William Ryan Navarre ("**Ryan**"), is an individual domiciled in the state of Louisiana, and is therefore a citizen of Louisiana for the purposes of diversity jurisdiction. Accordingly, Navarre GMC is a citizen of Louisiana for the purposes of diversity jurisdiction.

6. Defendant/Counter-Plaintiff Billy Navarre Imports, Inc. is a Louisiana corporation, with its registered office and principal place of business located in Calcasieu Parish, Louisiana. Accordingly, Billy Navarre Imports, Inc. is a citizen of Louisiana for the purposes of diversity jurisdiction.

7. Defendant/Counter-Plaintiff Billy Navarre Beglis Pkwy Carwash, LLC, is a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana and whose sole member, The Estate of William John Navarre, is a citizen of Louisiana for the purposes of diversity jurisdiction. Accordingly, Billy Navarre Beglis Pkwy Carwash, LLC

is a citizen of Louisiana for the purposes of diversity jurisdiction.

8. Defendant/Counter-Plaintiff Billy Navarre 1-210 Carwash LLC is a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana and whose sole member, The Estate of William John Navarre, is a citizen of Louisiana for the purposes of diversity jurisdiction. Accordingly, Billy Navarre 1-210 Carwash LLC is a citizen of Louisiana for the purposes of diversity jurisdiction.

9. Defendant/Counter-Plaintiff Lake Charles Auto Plaza, Inc. is a Louisiana corporation, with its registered office and principal place of business located in Calcasieu Parish, Louisiana. Accordingly, Lake Charles Auto Plaza, Inc. is a citizen of Louisiana for the purposes of diversity jurisdiction.

10. Defendant/Counter-Plaintiff Navarre Chevrolet, Inc. is a Louisiana corporation, with its registered office and principal place of business located in Calcasieu Parish, Louisiana. Accordingly, Navarre Chevrolet, Inc. is a citizen of Louisiana for the purposes of diversity jurisdiction.

11. Defendant/Counter-Plaintiff Navarre Nissan, LLC is a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana and whose sole member, Ryan Navarre, is an individual domiciled in the state of Louisiana, and is therefore a citizen of Louisiana for the purposes of diversity jurisdiction. Accordingly, Navarre Nissan, LLC is a citizen of Louisiana and of no other states for the purposes of diversity jurisdiction.

12. Defendant/Counter-Plaintiff Billy Navarre Cadillac, L.L.C. is a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana and whose sole member, The Estate of William John Navarre, is a citizen of Louisiana for the purposes of diversity jurisdiction. Accordingly, Billy Navarre Cadillac, L.L.C. is a citizen of Louisiana and of no other

states for the purposes of diversity jurisdiction.

13.     Defendant/Counter-Plaintiff Navarre Management, L.L.C. is a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana and whose members, Ryan Navarre, Navarre of Southwest Louisiana Inc., and The Estate of William John Navarre are citizens of Louisiana for the purposes of diversity jurisdiction.

- Ryan Navarre is domiciled in the State of Louisiana and is therefore a citizen of the state of Louisiana for the purposes of diversity jurisdiction.

- Navarre of Southwest Louisiana, Inc. is a Louisiana corporation with its principal place of business in Calcasieu, Louisiana. Accordingly, Defendant Navarre of Southwest Louisiana, Inc. is a citizen of Louisiana for the purposes of diversity jurisdiction.

- The Estate of William John Navarre is a citizen of the state of Louisiana for the purposes of diversity jurisdiction, as the decedent, William John Navarre, was domiciled in the state of Louisiana and was therefore a citizen of the state of Louisiana.

Accordingly, Navarre Management, L.L.C. is a citizen of Louisiana for the purposes of diversity jurisdiction.

14.     Defendant/Counter-Plaintiff Billy Navarre Certified Used Car Imports, L.L.C. is a Louisiana limited liability company, whose registered office is located in Calcasieu Parish, Louisiana and whose sole member, Ryan Navarre, is an individual domiciled in the state of Louisiana, and is therefore a citizen of Louisiana for the purposes of diversity jurisdiction. Accordingly, Billy Navarre Certified Used Car Imports, L.L.C. is a citizen of Louisiana and of no other states for the purposes of diversity jurisdiction.

### III.     FACTS

#### BACKGROUND OF THE RELEVANT ENTITIES

15.     Ryan Navarre is the eldest son of William John Navarre ("**Billy Navarre**"). Ryan

is the successor to, and current operator of, his father's longstanding car dealership businesses in Calcasieu Parish, Louisiana.

16. Following the death of Billy Navarre in 2016, the Fourteenth Judicial District Court appointed Ryan and Billy's second-wife, Carrie Navarre-Myers ("**Plaintiff**" or "**Counter-Defendant**"), as co-executors of the Estate of William John Navarre ("**Estate**"). Billy Navarre's Succession, captioned "The Succession of William John Navarre" (the "**Succession**"), is currently pending before the 14th Judicial District Court of Calcasieu Parish, Louisiana.

17. As of the date of this Answer, The Estate has been largely administered. This is due primarily to the herculean and extraordinary acts of Ryan Navarre, who has gone to astonishing lengths to ensure that the Estate was properly administered, and nearly all outstanding issues have been resolved as of the date of this filing.

18. Indeed, as part of the Succession, Plaintiff, and her two minor children from her marriage with Billy Navarre, were entitled to certain gifts. In order to pay these express legacies pursuant to Billy Navarre's last will and testament (the "**Will**"), Ryan, along with his brothers William Barrett Navarre ("**Barrett Navarre**") and William Grant Navarre's ("**Grant Navarre**"), as lenders, executed a loan to the Estate, as borrower, using proceeds from their father's insurance policy.[3] Ryan and his brothers did this to ensure that Plaintiff received her legacy as quickly as possible without liquidating any Estate assets.

19. Simply put, Ryan Navarre's good will and understanding of complex business models enabled Plaintiff to recoup these amounts. And, but for Ryan Navarre's dedication to the Estate's efficient and profitable administration, the Estate would not have been administered in the manner that Plaintiff now benefits (and likely uses to fund her lawsuit against Ryan). In fact,

---

[3] Plaintiff and her children were not legacies to this insurance policy.

13

Plaintiff never expressed any concerns to Ryan Navarre regarding the administration of the Estate and the Succession.

20.     This is likely because Plaintiff received $7,000,000.00 from Ryan's administration of the Estate, which satisfied Plaintiff's express legacy pursuant to the Will, as well as the forced martial portion pursuant to Louisiana Law.[4] Thus, the forced portion as it pertains to Plaintiff and her two children has been fully satisfied, meaning Plaintiff is not entitled to additional amounts and has no interest in the Estate's remaining assets.

21.     Despite the proceeds that Plaintiff received, Plaintiff filed a petition in Louisiana state court alleging that Ryan harmed Plaintiff and her minor children's interests when he allegedly used certain assets to advance and support his businesses (the "**Businesses**"), as well as allegations that Ryan engaged in self-dealing. However, Plaintiff's allegations are wholly incorrect and unfounded, as Plaintiff has no interests in the assets that Ryan allegedly harmed. Additionally, Ryan has consistently acted within the scope of his authority pursuant to well-settled law.

22.     Plaintiff's primary allegations center around Ryan's alleged involvement with certain entities linked to the Estate, namely Navarre Investors, LP. To provide background, Navarre Investors, LP (the "**Partnership**") was organized as a limited partnership in commendam for a fixed term on or about December 29, 1998.  Ryan is the sole owner of the General Partner of the Partnership, Navarre of Southwest Louisiana, Inc (the "**General Partner**"). The General Partner of a partnership in commendam has the authority to manage the Partnership's business affairs. Thus, Navarre of Southwest Louisiana, Inc., as General Partner, has the primary authority regarding the management and administration of the Partnership, Navarre Investors.

23.     In 2013, Billy added the Navarre Immovable Property Trust (the "**Trust**") as a

---

[4] The legacies to each of Plaintiff's two minor children from her marriage with Billy Navarre have also been satisfied.

14

limited partner to the Partnership. Billy created the Trust as an *inter vivos* revocable trust, and Billy was the sole income beneficiary of the Trust during his lifetime. When Billy Navarre added the Trust as a limited partner to the Partnership, he also transferred his ~97% interest in the Partnership to the Trust. Ryan and Plaintiff serve as co-trustees of the Trust. Ryan and Plaintiff's two minor children from her marriage to Billy are the sole income beneficiaries of the Trust. Plaintiff has no interest in the Trust whatsoever.

24. The Partnership also owns immovable property in Calcasieu Parish, Louisiana. Several of Ryan's businesses (which are independent of the Succession) lease this immovable property from the Partnership. Thus, these businesses pay rent and other amounts to the Partnership pursuant to the leases ("**Leases**").

25. The Partnership also has an approximately ~1.2% interest in the Estate which consists of the remaining interests in Billy Navarre's car dealerships. Ryan is the sole residual beneficiary of the Estate at this stage of the Succession, and is therefore the sole beneficiary of the dealership interests.

26. Indeed, in 2019, Ryan effectively bought his brother's portions of the Estate (which consisted of their father's business assets), and the Fourteenth Judicial District ordered dissolution of the B/B WRN Trust. Thus, any portion of the Estate that was not used to pay Estate debts, express legacies, taxes, or to fulfill the legitime/marital portion, belongs solely to Ryan, meaning Plaintiff and her children do not have a claim to the proceeds of the Estate, nor the dealership interests.[5]

**PLAINTIFF'S LAWSUIT**

27. Despite the fact that the legacies for Plaintiff and her two children with Billy

---

[5] Importantly, Plaintiff, as co-executor of the Estate and as co-trustee of the Trust, signed off on each of these transactions.

Navarre have been satisfied, and the fact that Ryan greatly increased the value of the Businesses during his ownership, Plaintiff filed an unsealed Petition against the Partnership, the General Partner of the Partnership, the limited partners of the Partnership, Ryan (in varying capacities), and several of Ryan's businesses asserting wholly baseless and harmful allegations therein.

28. Simply put, Plaintiff's lawsuit is one of sheer greed and malice, as Ryan historically provided Plaintiff with information and access to the Businesses' financials, despite the fact that Plaintiff has no interest in the Businesses. In fact, it was not until Plaintiff remarried and shared information with non-related third parties that this relationship became acrimonious, and Plaintiff began to take issue with Ryan's conduct.

29. And now, because of Plaintiff's conduct, the Businesses are unable to continue business operations. For example, Plaintiff's allegations that Ryan acted with impropriety with regard to the management and upkeep of the dealerships has placed Ryan in an untenable position in which the Businesses cannot comply with certain manufacturer requirements and standards without also implicating the baseless allegations in Plaintiff's petition. Additionally, the Leases are set to expire in the near future, and Plaintiff has refused to allow the Businesses to negotiate the terms of the Leases.

30. Accordingly, Plaintiff, through her conduct (both in raising false and inappropriate claims and sharing sensitive business information with outsiders), has tortiously interfered with the Businesses' business relationships and contracts, including those with manufacturers and the tenants.

31. To date, the damages that Plaintiff has caused Ryan and the Businesses are considerable. Because discovery is only at its nascent stage, the amount of these damages is ongoing and accruing daily.

## IV. COUNTER CLAIM

### COUNT I: Tortious Interference with Business Relations

32. Under Louisiana law, a party alleging claims for tortious interference with business relations must prove by a preponderance of the evidence that the defendant: (1) acted with actual malice; (2) actually prevented the plaintiff from dealing with a third party; (3) acted improperly; and (4) caused damage to the plaintiff. *See Bogues v. Louisiana Energy Consultants, Inc.*, 71 So. 3d 1128, 1134 (La. App. 2d Cir. 2011); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., LLC*, 463 F. Supp. 3d 713, 725 (E.D. La. 2020).

33. Plaintiff tortiously interfered with the Businesses' business relations with the relevant manufactures in so far as preventing the Businesses from complying with certain requirements that manufacturers impose on their dealerships. Plaintiff tortiously interfered with the Businesses business relations by preventing the Businesses from extending or negotiating the Leases with the current tenants. Plaintiff interfered by failing to act in good faith, and by sharing confidential business information with third parties who are not entitled to information about the Businesses. Plaintiff also interfered when she filed an unsealed petition asserting untrue and inappropriate allegations against the Businesses, which are in no way relevant to the issues in the underlying suit.

34. Plaintiff knew that the Businesses are required to comply with certain manufacturer requirements and that the Leases for the Businesses are set to expire in the near future. In filing her baseless petition against the Businesses and by engaging with non-related groups, Plaintiff knew that Ryan and the Businesses would be unable to move forward with operations and therefore lose the ability to comply with the requirements that manufacturers impose on car dealerships in order for the dealerships to actually operate. Additionally, Plaintiff

knew that the Leases would lapse due to the Businesses' inability to extend their terms.

35. Plaintiff's spite, greed, anger, and ill will towards Ryan Navarre served as her motivation for interfering with the Businesses' relationships with the manufacturers, tenants, and the Businesses' reputation in the community that they have served for over 40 years. Indeed, Plaintiff has no interest in the Businesses or their assets (because she received everything that she was entitled to when the Estate was initially administered). Thus, in filing suit against the Businesses and disclosing confidential information, Plaintiff was not seeking to protect any legitimate interest whatsoever, but her actions have wholly impeded the Businesses' ability to fully and efficiently operate.

36. The Businesses have suffered considerable damages due to Plaintiff's conduct, and they have already received notices regarding alleged non-compliance from certain manufacturers. The Businesses cannot adhere to these requirements, or make the required repairs, without implicating Plaintiff's lawsuit. And, as discovery is ongoing, the damages are only expected to increase. Indeed, every day that the Businesses are unable to comply with manufacturing requirements and extend the Leases, the Businesses are unable to profit and maintain their longstanding business relationships.

37. Thus, Plaintiff's actual malice and ill-will towards Ryan has prevented the Businesses from dealing with the manufacturers and tenants, and the Businesses are entitled to damages as a result of Plaintiff's conduct.

## V.    PRAYER FOR RELIEF

WHEREFORE, Defendants/Counter-Plaintiffs respectfully pray that Plaintiff /Counter-Defendant Carrie Navarre-Myers take nothing by her claims and causes of action as contained in her Original Petition, and that all such claims and causes of action be dismissed with prejudice.

Defendants/Counter-Plaintiffs further seek judgment against Plaintiff/Counter-Defendant, including:

    a.    Awarding the Businesses actual damages pursuant to the damages that the Businesses have suffered due to Plaintiffs' tortious interference with the Businesses' business relationships;

    b.    Awarding Counter-Plaintiffs attorneys' fees and courts of cost;

    c.    Awarding Counter-Plaintiffs such other relief, both general and specific, legal and equitable, as the Court may deem appropriate and just under the circumstances.

Lake Charles, Louisiana  
June 14, 2023

Respectfully submitted:

HOLLAND & KNIGHT LLP

By: */s/ L. Bradley Hancock*  
L. Bradley Hancock  
Louisiana Bar No. 27234  
811 Main Street, Suite 2500  
Houston, TX 77002-5227  
713-821-7000 (telephone)  
Brad.hancock@hklaw.com

**ATTORNEY FOR WILLIAM RYAN NAVARRE ET AL.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2023, a true and correct copy of the foregoing was served on all counsel via the Court's electronic filing system.

*/s/ L. Bradley Hancock*  
L. Bradley Hancock