UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CARRIE NAVARRE-MYERS** | : | **CASE NO. 2:23-CV-00322** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WILLIAM RYAN NAVARRE ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a motion to remand filed by plaintiff, Carrie Navarre-Myers ("Carrie"). Doc. 11. The motion is opposed by defendants, who include Carrie's stepson, William Ryan Navarre ("Ryan"), Navarre Investors LP, and numerous businesses and entities primarily controlled by Ryan. Doc. 20. Carrie argues that this court cannot exercise diversity jurisdiction over this matter under 28 U.S.C. § 1332 because both she and the Navarre Investors LP share Texas citizenship. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein, **IT IS RECOMMENDED** that plaintiff's motion to remand be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiff Carrie is the surviving spouse of Lake Charles business owner Billy Navarre. Doc. 1, att. 1, p. 3 (Petition). She is also the mother of his two youngest children, WBN and KPN[1] ("the

---

[1] We are unable to discern from the pleadings whether these children are minors; therefore, in an abundance of caution, we use their initials as we are required to do by FRCP Rule 5.2 and LR 5.7.12W.

Youngest Children"). *Id.* Ryan is the oldest child of Billy Navarre's first marriage. Carrie and Ryan are the sole co-trustees of the Navarre Immovable Property Trust (the "Trust"). *Id.* The beneficiaries of the Trust are Ryan and his half-siblings, the Youngest Children. *Id.* The main asset of the Trust is a 97% limited partnership interest in Navarre Investors, LP (the "Partnership"), which owns and leases the land on which various Navarre business interests operate, all of which Ryan controls. *Id.* Other than the Trust, the only other partners in the Partnership are Ryan individually and Navarre of Southwest Louisiana, Inc., which Ryan is believed to be the sole shareholder. *Id.*

Carrie originally filed suit in the 14th Judicial District Court for the Parish of Calcasieu.[2] *Id.* In the petition, Carrie brings a derivative action against the Partnership, acting on behalf of the Trust as one of its co-trustees. The Petition alleges, generally, that Ryan has shifted certain business expenses that should be borne by the businesses onto the Partnership, which enriches the businesses (and therefore Ryan) to the detriment of the Partnership (and therefore the Youngest Children). For example, the petition alleges that the Partnership has paid property taxes, maintenance, and repairs that the businesses are contractually obligated to pay and that the Partnership has not extracted fair-market rents from the businesses. Doc. 1, att, 1, p. 6.

Defendants removed this matter, alleging that this court has diversity jurisdiction under 28 U.S.C. § 1332 because the real parties in interest are of diverse citizenship and the petition alleges that Carrie's damages exceed the threshold for federal court diversity jurisdiction. Doc. 1. The notice of removal does not make any allegation as to the citizenship of either the Partnership or the Trust. Both the Partnership and the Trust are named as defendants in the Petition. Doc. 1, att.

---

[2] Carrie acts in her capacity as the co-trustee of the Trust, which is a limited partner of the Partnership, to bring the action both in the Trust's capacity as limited partner against the other members of the Partnership and derivatively on behalf of the Partnership. Doc. 1, att. 1, p. 3-4.

1, p. 4-5, ¶ 5. Carrie now moves to remand on the basis that she shares Texas citizenship with the Trust and the Partnership.

## II.
### LAW AND ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [ . . . ]." 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Under 28 U.S.C. § 1332, this federal court has jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000. Courts have an "independent obligation to assess our own jurisdiction before exercising the judicial power of the United States." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1194 (2010).

Carrie is domiciled in Texas and is therefore a citizen of Texas. Doc. 1, p. 2; doc. 11, att. 1, p. 14. It is undisputed that most of the defendants, including Ryan, are Louisiana citizens. Carrie argues, however, that there is incomplete diversity here because the Partnership is a citizen

of both Texas and Louisiana. A limited partnership's citizenship is "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). One of the Partnership's members is the Trust. A trust also takes the citizenship of its "members." *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (determining that a Maryland trust's shareholders with "ownership interests" should be considered "members" for citizenship purposes). Under Louisiana law, La. R.S. 9:1801, at trust's "beneficiary is a person for whose benefit the trust is created," suggesting ownership interest analogous to membership in an unincorporated association. A trust can also, however, derive its citizenship from its trustee, depending on the degree of control the trustee exercises over the trust. *GE Oil & Gas, LLC v. Waguespack*, 523 F. Supp. 3d 926, 936 & n. 16 (W.D. La. 2021) (citing 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3606 (3d ed. 1998)). Here, the Trust has as its co-trustees Carrie (a Texas citizen) and Ryan (a Louisiana citizen), and as its beneficiaries the Youngest Children (Texas citizens) and Ryan (a Louisiana citizen). Doc. 11, att. 1, p. 15-16. Thus the Trust is a citizen of both Louisiana and Texas, as is the Partnership. Because the citizenship of the parties is not completely diverse, there is no basis for this court to exercise jurisdiction over this controversy.

Defendants implicitly acknowledge that the Partnership is a citizen of both Louisiana and Texas, but defendants argue that its citizenship should be disregarded because the "Petition did not assert a viable, or even discernable, claim against the alleged non-diverse defendant." Doc. 5.

If removal is based on a claim that a non-diverse party has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644

(5th Cir. 2003)). Only the latter method is relevant here, insofar as defendants did not allege actual fraud in the pleading of jurisdictional facts. Thus, the relevant question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. "[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross v. CitiFinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original, citations omitted).

The burden of persuasion on a party asserting improper joinder is a "heavy one." *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009). All factual allegations are evaluated in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005).

Defendants argue unconvincingly that the Petition did not clearly name the Partnership as a defendant and that the Petition did not comply with the Louisiana procedures for bringing a derivative action. We agree with plaintiff that the Petition, on its face, brings a derivative action against the Partnership. Defendants' most persuasive argument is that the Trust documents may require that the Trust act by majority rule, which would mean that Carrie could not act unilaterally on behalf of the Trust. Carrie responds that the only other consent she would need to proceed would be Ryan's, and she cites to caselaw for the proposition that, when self-dealing is involved, the permission of a co-trustee isn't needed for a derivative action. Carrie argues that "[i]t is precisely through Ryan's control of the Partnership that he has been able to benefit his businesses to the detriment of the Partnership." Doc. 26, p. 9. Noting that Ryan is the sole member of most of the defendants, we find the self-dealing Carrie alleges at least plausible. We therefore find a

reasonable basis to predict that the plaintiff could recover against the non-diverse defendant in state court.

We find, and recommend that the district court find, that defendants have not borne the heavy burden of showing that Carrie cannot recover against the Partnership. We further find that is not possible for this court to disregard the Partnership's citizenship without reconceiving or pre-determining the entire lawsuit. The district courts have frequently been cautioned "against pretrying a case to determine removal jurisdiction*." Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

### III.
#### ATTORNEY FEES

The motion to remand is accompanied by a request for attorneys' fees, costs and expenses. Doc. 11.

Under 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir.2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing *Valdes*, 199 F.3d at 293).

Considering that defendants failed to allege or otherwise address the citizenship of the non-diverse defendants, we agree with plaintiff's contention that "had they taken the time to properly do so, they would have come to the inevitable conclusion that the Partnership is a citizen of both Texas and Louisiana, and complete diversity is lacking." Doc. 11, att. 1, p. 18. We also note

plaintiff's assertion that defendants agreed to waive service of the state court petition, which, from all appearances, was done so that they could effect a "snap removal"[3] rather than being helpful. In so doing, defendants forced plaintiff to incur the expenses associated with filing the instant motion to remand, all of which is suggestive of gamesmanship rather than an "objectively reasonable grounds to believe the removal was legally proper." Accordingly, we find that an award of fees, costs, and expenses is appropriate in these circumstances.

## IV.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 11] be **GRANTED**. It is further **RECOMMENDED** that defendants be ordered to pay plaintiff the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Should the district court adopt this recommendation, we suggest that plaintiff be allowed a reasonable period of time within which to submit a document that it claims is representative of the fees and costs incurred as a result of this removal. It is further recommended that defendant be allowed adequate time within which to traverse that submission so that the court can adequately determine what would be the proper amount of fees and costs to be paid by defendants to plaintiff.

Under the provisions of 28 U.S.C. §636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved

---

[3] "Snap removal" is the jargon for removal prior to service on all defendants. *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.,* 955 F.3d 482, 485 (5th Cir.2020)

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 2nd day of January, 2024.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE