UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CARRIE NAVARRE-MYERS** | **CASE NO. 2:23-CV-00322** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILLIAM RYAN NAVARRE ET AL** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the Court is a "Motion for Attorneys' Fees Under 28 U.S.C. § 1447(C) Filed on Behalf of Plaintiff" (Doc. 51). Removing Defendants, namely, (1) William Ryan Navarre, (2) Navarre of Southwest Louisiana, Inc., (3) Billy Chevrolet, Inc., (4) Navarre GMC, LLC, (5) Billy Navarre Imports, Inc., (6) Billy Navarre Beglis Pkwy Carwash, LLC, (7) Billy Navarre I-210 Carwash LLC, (8) Lake Charles Auto Plaza, Inc., (9) Navarre Chevrolet, Inc., (10) Navarre Nissan, LLC, (11) Billy Navarre Cadillac, L.L.C., (12) Navarre Management, L.L.C., and (13) Billy Navarre Certified Used Car Imports, L.L.C. oppose the Motion. As will be discussed below, not all Defendants joined in the Notice of Removal. Specifically, Defendants, Navarre Immovable Property Trust, Navarre Investors, a Limited Partnership, and the Succession of William John Navarre did not join in the Removal.[1]

### BACKGROUND

On February 21, 2024, this Court adopted the Report and Recommendation of the Magistrate Judge, which recommended that this lawsuit be remanded to state court and that

---

[1] See Notice of Removal and original Petition, Docs 1 and 1-1.r

Plaintiff file the instant Motion for Attorney Fees supported by a detailed itemization of said costs, attorney fees, and expenses after which, removing Defendants were permitted to respond.[2] In her Report and Recommendation, the Magistrate Judge concluded that Plaintiff's request for attorney fees was appropriate because Defendants had "forced plaintiff to incur the expenses associated with filing the instant motion to remand, all of which is suggestive of gamesmanship rather than an 'objectively reasonable grounds to believe the removal was legally proper.'"[3]

On April 2, 2024, Plaintiff moved for the costs, attorney fees, and expenses with supporting documentation for a total amount of $76,672.50.[4] This amount purports to be solely in conjunction with any work concerning Plaintiff's Motion to Remand.

Defendant has filed a traversal as to the total amount as well as a defense as to Plaintiff's entitlement to the costs, attorney fees and expenses.[5]

## LAW AND ANALYSIS

Under 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir.2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively

---

[2] Doc. 49.
[3] Doc. 39, p. 7.
[4] Doc. 51.
[5] Doc. 54.

reasonable grounds to believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing *Valdes*, 199 F.3d at 293).

Significantly, Defendants failed to allege or address the citizenship of the non-diverse Defendants, and as noted by the Magistrate Judge, had they done so, Defendants could have or should have known that the Partnership is a citizen of both Texas and Louisiana, thus making removal improper. The Court is not persuaded by Defendant's attempt to minimize the Partnership, Trust, and Succession as "interested" persons,[6] or that the Petition did not assert a viable, or even discernable, claim against the Partnership. The Petition clearly asserts a derivative action against the Partnership, which is a citizen of both Texas and Louisiana.[7] Nor does the Court find merit to Defendant's argument that the Trust documents require that the Trust act by majority rule, considering clear Louisiana law that when self-dealing is involved, the permission of a co-trustee is not needed for a derivative action. These issues are not complex. The Court finds that Defendants' grounds for removal were objectively unreasonable and attorney fees are warranted.

Next, Defendants object to Plaintiff's costs, attorney fees, and expenses. Defendants challenge the hours worked as well as the hourly rate. The U.S. Supreme Court established in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983), that the initial estimate of a reasonable attorney fee is properly calculated by multiplying the number of hours reasonable expended on the litigation times a reasonable hourly rate, otherwise known as the "lodestar method." A "reasonable hourly rate" is to be calculated according to the

---

[6] See Disclosure, Doc. 6.
[7] Petition, ¶ ¶ 2 and 3. Doc. 1-1.

prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The amount of the fee, . . . , must be determined on the facts of each case." *Hensley*, 461 at 429.

As to the complexity, the grounds for removal should not have been complex, were it not for Defendants' gamesmanship. The Motion to Remand involved Plaintiff's 19-page Memorandum and about 120 pages of exhibits,[8] followed by Defendants' 19-page response with two exhibits,[9] and then Plaintiff's 11-page reply with one exhibit.[10] The parties also filed an unopposed Motion for a hearing,[11] which was granted.[12] The parties participated in the Hearing that lasted approximately one and a half hours.[13]

The most complex component of the Motion to Remand was to understand and regurgitate the relationships between Ryan Navarre's numerous business entities, the Navarre Investors Limited Partnership, and the Navarre Immovable Property Trust. Defendants also object to the Plaintiff's time spent creating the Cajun PowerPoint to assist in its oral arguments held before the Magistrate Judge concerning the Motion to Remand. The Court notes as pointed out by Plaintiff, that this case has a disputed valued of about $15 million.[14]

Plaintiffs prepared the Cajun PowerPoint for the benefit of the Magistrate Judge. Although the Magistrate Judge declined to rely on it, the Court has reviewed the 19-page

---

[8] Doc. 11.
[9] Doc. 20.
[10] Docs. 26 and 27.
[11] Doc. 25.
[12] Doc. 28.
[13] See Minutes, Doc. 30.
[14] Plaintiff's Reply, p. 7, Doc. 55.

PowerPoint and finds it useful as to a full understanding of the 11 business entities, the Trust and its beneficiaries, the individuals/parties involved, the timeline of the parties' conduct, the claims being asserted in this lawsuit, and other relevant issues.

The 126-page detailed statement of billable hours indicates that there were three attorneys that billed hours for the Motion to Remand—Joseph C. Giglio,[15] Michael H. Ishee, and C.J. Miller.  The Court has reviewed the relevant billing hours and finds them to be reasonable based on the amount of time spent on each billable entry, and the disputed value of the claims asserted in this lawsuit.

Defendants also object to the hourly rates charged by the three (3) aforementioned attorneys.  Those rates appear to be from a low of $325 per hour to a high rate of $500 per hour. Defendants rely on a Lafayette case, *McZeal v. Midsouth National Bank, N.A.*, 2017 WL 2951871 (July 10, 2017), wherein Judge Walter sanctioned a *pro se* Plaintiff in a § 1983 civil rights action in the form of an award of attorney fees for his vexatious litigation. In finding that an hourly rate of $150 was reasonable,[16] Judge Walter explained that although the prevailing attorney had 30 years of experience, the case could have easily been handled by a less experienced attorney. Defendants request that the Court submit an hourly rate of $250 per hour for Mr. Giglio, $200 per hour for Mr. Ishee, and $100 per hour for C.J. Miller.

In defense of their hourly rates, counsel for Plaintiffs reminds the Court that in *Bertram v. Progressive Southeastern Insurance Co.*, Civil Action No. 2:19-1478,

---

[15] Mr. Giglio has practiced with Liskow & Lewis for over 46 years. Declaration of Joseph C. Giglio, Jr. Doc. 51-2.
[16] The attorney had billed at a $585.00 hourly rate.

*Memorandum Ruling and Order,* Magistrate Judge Kay (W.D. La. 2021),[17] this Court determined that an hourly rate of $350 was reasonable for a lawyer practicing for 30 years in the Lake Charles, Louisiana area. The *Bertram* case involved a negligence claim in a motor vehicle accident and the attorney fees were granted due to a discovery issue.[18]

Here, the subject is indeed complex as it involves litigation with multiple defendants, numerous business entities, including a Trust, and a Succession. However, the legal issues involved were not complex nor did they involve any lengthy research. Considering all, the Court finds that Plaintiff's submission of attorney fees is unreasonable and excessive. The Court has carefully reviewed the record and finds that $25,000 is a reasonable amount for attorney fees related to the Motion to Remand.

## **CONCLUSION**

For the reasons explained herein, the Motion for Attorneys' Fees Under 28 U.S.C. § 1447(C) Filed on Behalf of Plaintiff (Doc. 51) will be granted in Plaintiff's favor and against the Removing Defendants. To that end, Judgment will be rendered against Removing Defendants, namely, (1) William Ryan Navarre, (2) Navarre of Southwest Louisiana, Inc., (3) Billy Chevrolet, Inc., (4) Navarre GMC, LLC, (5) Billy Navarre Imports, Inc., (6) Billy Navarre Beglis Pkwy Carwash, LLC, (7) Billy Navarre I-210 Carwash, LLC, (8) Lake Charles Auto Plaza, Inc., (9) Navarre Chevrolet, Inc., (10) Navarre Nissan, LLC, (11) Billy Navarre Cadillac, L.L.C., (12) Navarre Management, L.L.C., and

---

[17] Doc. 62, Civil Action 2:19-1478.
[18] To buttress her hourly rate, Plaintiff informs the Court that removing Defendants are represented by an international law firm whose attorneys on this case are likely to charge in excess of $1,000 per hour. Plaintiff submits no evidence or affidavit to support this contention.

(13) Billy Navarre Certified Used Car Imports, L.L.C. and in favor of Plaintiff, Carrie Navarre-Myers in the amount of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS).

  **THUS DONE AND SIGNED** in Chambers on this 22nd day of May, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**